UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

MICHELINE CANTAVE,

                                Plaintiff,

                -against-

INCARE HOME HEALTH CARE GROUP LLC, HANNA
WOLHENDLER, MARTIN SCHLOSSER, BARUCH
WOLHENDLER, and CHANIE WOLHENDLER,

                              Defendants.

------------------------------------------------------------------------x

FRCP RULE 23 CLASS AND
FLSA COLLECTIVE ACTION
COMPLAINT

19 Civ. 1060

**JURY TRIAL DEMANDED**

## **NATURE OF THE ACTION**

1.     This is an action to recover money damages arising, *inter alia*, out of the violation of Fair Labor Standards Act and New York Labor Law for Defendants' (1) failure to pay Plaintiff and other similarly situated employees overtime wages, (2) failure to pay Plaintiff and other similarly situated employees minimum wages, and (3) failure to pay Plaintiff and other similarly situated employees wages due, among other causes of action

## **JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

**JURY DEMAND**

5.      Ms. Cantave demands a trial by jury in this action.

**PARTIES**

6.      Plaintiff Micheline Cantave ("Ms. Cantave") is a resident of the County of New York, State of New York.

7.      Defendant Incare Home Health Care Group LLC ("Defendant Incare") is a domestic limited liability company organized and existing under the laws of the State of New York.

8.      Defendant Incare is a health care agency with its principal place of business located at 1820 Gravesend Neck Road, Brooklyn, New York.

9.      Upon information and belief, Defendant Hanna Wolhendler is a Director of Operations of Defendant Incare.

10.     Upon information and belief, Defendant Hanna Wolhendler possessed operational control over Defendant Incare, and controlled significant functions of the business.

11.     Upon information and belief, Defendant Martin Schlosser is a Managing Member and owner, manager, and/or shareholder of Defendant Incare.

12.     Upon information and belief, Defendant Schlosser possessed operational control over Defendant Incare, and controlled significant functions of the business.

13.     Upon information and belief, Defendant Baruch Wolhendler is an owner, manager, and/or shareholder of Defendant Incare.

14.     Upon information and belief, Defendant Baruch Wolhendler possessed operational control over Defendant Incare, and controlled significant functions of the business.

15.    Upon information and belief, Defendant Chanie Wolhendler is an owner, manager, and/or shareholder of Defendant Incare.

16.    Upon information and belief, Defendant Chanie Wolhendler possessed operational control over Defendant Incare, and controlled significant functions of the business.

17.    Upon information and belief, Defendant Incare Home Health Care Group LLC is an owner, manager, and/or shareholder of Defendant Incare.

18.    Upon information and belief, Defendant Micheline Cantave possessed operational control over Defendant Incare, and controlled significant functions of the business.

## STATEMENT OF FACTS

19.    Ms. Cantave began working with Defendant Incare in or about late 2016 as a live-in home health care aide.

20.    Upon information and belief, at the time of her hire, Ms. Cantave's rate of pay was $11.00 per hour.

21.    Ms. Cantave was required to work five days a week for 24 hours each day as a live-in home health care aide.

22.    During the time period, Ms. Cantave worked for 24 hours staying overnight at the client's house, and on these days was only paid for 13 hours for the hours 8 a.m. to 9 p.m., despite the fact that she started work at 7 a.m. and her sleep was regularly interrupted generally at least 2 times by the client throughout the night to do things such as changing diapers, turning bed-bound patients over, etc.  These sleep interruptions resulted in Ms. Cantave not getting at least 5 hours of uninterrupted sleep each night.

23.    However, despite knowing and requiring Ms. Cantave to work the additional hours, the Defendants informed Ms. Cantave that they would not pay her for anything beyond the 13 hours each day.  Defendants required Ms. Cantave to complete timesheet information via a telephone system that showed her clocking in and out at the same time each day in order to only reflect 13 hours of work performed during each 24 hour period.

24.    Ms. Cantave was also often required to work for more than one client in a day. However, Defendants did not pay her for her time and expenses traveling between the two clients.

25.    Ms. Cantave did not receive a meal break and generally ate while working.

26.    Ms. Cantave's job duties included reporting to clients that were assigned to her from time to time by Defendants to provide these clients with personal services such as housekeeping and laundry services; shopping for food and other household requirement; preparing and serving meals and snacks; running errands; and providing personal services such as bathing, dressing, and grooming.

27.    Ms. Cantave spent at least 30% of her time directly performing household work.

28.    Ms. Cantave was only paid for 13 hours of work when she worked a 24-hour overnight shift and was not were not paid for all at their hours worked during 24 hour assignments during which they were not able to get uninterrupted sleep and meal breaks, and have also not been paid for their time and expenses traveling between clients, and have also not been paid overtime premium wages of one and one half times their regular hourly rate (or at time and one half the minimum wage rate) for their overtime hours worked.

29.    In or about May 2018, Ms. Cantave learned that Defendants had underpaid her by failing to pay her minimum wages and overtime for the hours that she worked.

30.     On May 18, 2018, Ms. Cantave talked to "Gracie", Defendants' employee who ran payroll, telling "Gracie" that she was owed money for the hours and overtime that she had previously worked, but was never paid by Defendants.

31.     Defendants refused to pay Ms. Cantave the money owed to her.

32.     On June 1, 2018, Ms. Cantave spoke with "Roy", Defendants' employee who was a "coordinator", telling "Roy" that she was owed money for the hours and overtime that she had previously worked, but was never paid by Defendants.

33.     Defendants refused to pay Ms. Cantave the money owed to her, and, instead, retaliated against her by terminating her for demanding the pay owed to her.

34.     Defendant Incare is engaged in commerce or in the production of goods for commerce, or has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce (including medical equipment), and have an annual gross volume of sales made or business done that exceeds One Million Dollars ($1,000,000.00).

35.     The individual defendants exercise control over the nature and structure of the employment relationship and economic control over the relationship with Plaintiff and similarly situated employees such that they are "employers" under the FLSA and NYLL and are therefore individually subject to liability.

36.     Further, the individual defendants controlled, *inter alia*, assignment locations, the number of hours Ms. Cantave worked, and her rate of pay.

## FLSA COLLECTIVE ACTION CLAIMS

37.     Ms. Cantave brings her FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is

three years before the filing of this Complaint (the "FLSA Collective Period"), as employees of Defendants (the "FLSA Collective").

38.     At all relevant times, Ms. Cantave, and other members of the FLSA Collective who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

39.     At all relevant times, Ms. Cantave, and other members of the FLSA Collective who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the minimum wage and overtime at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

40.     At all relevant times, Ms. Cantave, and other members of the FLSA Collective who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

41.     The claims of Ms. Cantave stated herein are similar to those of the other employees.

## FRCP RULE 23 CLASS ACTION CLAIMS

42.     Ms. Cantave brings her New York Labor Law claims pursuant to Fed. R. Civ. P. Rule 23, on behalf of all non-exempt home health aides employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

43.     All said persons, including Ms. Cantave, are referred to herein as the "Rule 23 Class."

44.     The Rule 23 Class members are readily ascertainable.  The number and identity of the Rule 23 Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rate of pay for each Rule 23 Class member is also determinable from Defendants records.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under said Fed. R. Civ. P. Rule 23.

45.     The proposed Rule 23 Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parities and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than 100 members of the class.

46.     Ms. Cantave's claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief that would be sought by each member of the Rule 23 Class in separate actions.  All of the Rule 23 Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation.  Defendants' corporation wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Rule 23 Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Rule 23 Class member.  Plaintiff and other Rule 23 Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

47.     Ms. Cantave is able to fairly and adequately protect the interests of the Rule 23 Class and has no interests antagonistic to the Rule 23 Class.  Ms. Cantave is represented by

attorneys who are experienced and competent in both class action and wage and hour employment litigation cases.

48.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Rule 23 Class members lack the financial resources to vigorously prosecute corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  The losses, injuries, and damages suffered by each of the individual Rule 23 Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Rule 23 Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Rule 23 Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Rule 23 Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

49.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

50.    There are questions of law and fact common to the Rule 23 Class which predominate over any questions affecting only individual class members, including:

    a.    Whether Defendants employed Ms. Cantave and the Rule 23 Class members within the meaning of the New York law;

    b.    Whether Ms. Cantave and Rule 23 Class members are entitled to overtime under the New York Labor Law;

    c.    Whether Defendants maintained a policy, pattern, and/or practice of failing to properly pay overtime pay at a rate of one and one-half times the regular rate at which Ms. Cantave and the Rule 23 Class members were/are employed;

    d.    Whether Defendants maintained a policy, pattern, and/or practice of failing to pay the wages due to Ms. Cantave and the Rule 23 Class members;

    e.    Whether Defendants provided wage notices at the time of hiring to Ms. Cantave and Rule 23 Class members as required by the NYLL;

    f.    Whether Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Ms. Cantave and the Rule 23 Class;

g.  Whether Defendants failed to provide full and accurate paystubs on or after each of Ms. Cantave's and the Rule 23 Class members' paydays; and

h.  At what common rate, or rates subject to common method of calculation Defendants are and were required to pay Ms. Cantave and Rule 23 Class members for their work.

### FIRST CAUSE OF ACTION
#### *Minimum Wage Under The FLSA*

51.  Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

52.  At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the similarly situated FLSA Collective, for some or all of the hours they worked.

53.  29 U.S.C. § 216(b) provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

54.  Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and FLSA Collective members at the statutory minimum wage when Defendants knew or should have known such was due and that failing to do so would financially injure Plaintiff and the FLSA Collective.

### SECOND CAUSE OF ACTION
#### *Minimum & Spread of Hour Wages Under The NYLL*

55.  Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

56.     At all relevant times, Plaintiff and members of the Rule 23 Class were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57.     At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage and spread of hour wages to Plaintiff, and the Rule 23 Class members, for some or all of the hours they worked.

58.     Defendants knowingly and willfully violated Plaintiff's and Rule 23 Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

59.     An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) of the shortfall under NYLL §§ 190 *et seq.*, and §§ 650 *et seq.*; liquidated damages equal to one hundred percent (100%) after April 9, 2011, under the New York Wage Theft Prevention Act; and interest.

### THIRD CAUSE OF ACTION
### *Overtime Wages under the FLSA*

60.     Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

61.     Pursuant to 29 USC § 207(a), no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater.

62.     29 USC § 216(b) provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages.

63.     Defendants' failure to pay Plaintiff and the FLSA Collective members their overtime pay violated the FLSA.

64.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time-and-a-half to Plaintiff and FLSA Collective members for all hours worked in excess of forty (40) hours per workweek, which violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

66.     Defendants willfully failed to notify Plaintiff and FLSA Collective members of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives members' labor.

67.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and FLSA Collective members.

## FOURTH CAUSE OF ACTION
### *Overtime Wages Under The NYLL*

68.     Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

69.    An employer who fails to pay overtime wages shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to twenty five percent (25%) before April 9, 2011; one hundred percent (100%) under NY Wage Theft Prevention Act; and interest.

70.    At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff and Rule 23 Class members at one and one half times the hourly rate Plaintiff and Rule 23 Class members are entitled to.

71.    Defendants' failure to pay Plaintiff's and Rule 23 Class members' overtime pay violated the NYLL.

72.    Defendants' failure to pay Plaintiff and Rule 23 Class members was not in good faith.

### FIFTH CAUSE OF ACTION
*Violation of NYLL's Record Keeping Requirements*

73.    Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

74.    Defendants did not maintain, establish, and preserve Plaintiff's and Rule 23 Class members' weekly payroll records for a period of not less than six years, as required by NYRR § 146-2.1.

75.    As a result of Defendants' unlawful conduct, Plaintiff and the Rule 23 Class members have sustained damages including loss of earning, in an amount to be established at trial; liquidated damages; prejudgment interest; costs; and attorneys' fees.

76.    Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff and the Rule 23 Class

members in order to facilitate their exploitation of Plaintiff's and the Rule 23 Class members'
labor.

77.    Defendants' failure to maintain adequate and accurate written records of actual
hours worked and true wages earned by Plaintiff and the Rule 23 Class members was not in good
faith.

**SIXTH CAUSE OF ACTION**
***Violation of NYLL's Time of Hire Wage Notice***

78.    Ms. Cantave repeats and realleges each and every allegation as if fully set forth
herein.

79.    The NYLL and supporting regulations require employers to provide written notice
of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary,
piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip,
meal, or lodging allowances; the regular pay day designated by the employer; the name of the
employer; any "doing business as" names used by the employer; the physical address of
employer's main office or principal place of business, and a mailing address if different; and the
telephone number of the employer.  NYLL § 195-1(a).

80.    Defendants intentionally failed to provide notice to Plaintiff and the Rule 23 Class
members in violation of NYLL § 195, which requires all employers to provide written notice in
the employee's primary language about the terms and conditions of employment related to rate of
pay, regular pay cycle and rate of overtime on his/her first day of employment.

81.    Defendants not only did not provide notice to Plaintiff and the Rule 23 Class
members at the time of hire, but failed to provide notice to Plaintiff and the Rule 23 Class members
even after the fact.

82.     Due to Defendants' violations of the NYLL, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants, jointly and severally, Fifty Dollars ($50.00) for each workday that the violation occurred or continued to occur, up to Five Thousand Dollars ($5,000.00), together with costs and attorneys' fees pursuant to NYLL § 198(1-b).

## SEVENTH CAUSE OF ACTION
### *Violation of NYLL's Pay Stub Requirement*

83.     Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

84.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday.  NYLL § 195-1(d).

85.     Defendants have failed to make a good faith effort to comply with the NYLL with respect to compensation of Plaintiff and the Rule 23 Class members, and did not provide full and accurate paystub on or after each of Plaintiff's and the Rule 23 Class members' paydays.

86.     Due to Defendants' violations of New York Labor Law, Plaintiff and the Rule 23 Class members are entitled to recover from Defendants, jointly and severally, Two Hundred Fifty Dollars ($250.00) for each workday of the violation, up to Five Thousand Dollars ($5,000.00) for each plaintiff and/or Rule 23 Class member, together with costs and attorneys' fees pursuant to NYLL § 198(1-d).

## EIGHTH CAUSE OF ACTION
### *Civil Damages for Fraudulent Filing of IRS Returns*

87.     Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

88.     26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

89.     Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiff Micheline Cantave is entitled to recover from Defendants, jointly and severally,: (1) any actual damages sustained by Plaintiff Micheline Cantave as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorneys' fees.

## NINTH CAUSE OF ACTION
### *Violation of N.Y. Gen. Bus. L. § 349*

90.     Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

91.     N.Y. Gen. Bus. L. § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

92.     Due to Defendants' violations of N.Y. Gen. Bus. L. § 349, Plaintiff Micheline Cantave is entitled to recover from Defendants, jointly and severally, her actual damages or Fifty Dollars ($50.00), whichever is greater, or both such actions.

93.     Plaintiff Micheline Cantave demands the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Defendant Incare to recover wages owed as an employee of Defendant Incare.

## TENTH CAUSE OF ACTION
### *Breach of Contract*
(Third-Party beneficiaries of Wage Parity Act
contract with the State of New York)

94.     Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

95.     Upon information and belief, at all times relevant to this complaint, Defendants were required to certify and did certify that they paid Ms. Cantave and the Rule 23 Class members wages as required by the New York Wage Parity Act.

96.     The agreement to pay Ms. Cantave and the Rule 23 Class members wages as required by the New York Wage Parity Act was made for the benefit of Ms. Cantave and the Class.

97.     Defendants breached their obligation to pay Ms. Cantave and the Rule 23 Class members all wages they were due as required by the New York Wage Parity Act, and, as a result, Ms. Cantave and the Rule 23 Class members were injured.

98.     Ms. Cantave and the Rule 23 Class members, as third party beneficiaries of Defendants' contract with government agencies to pay wages as required by the New York Wage Parity Act, and as persons protected by the New York Wage Parity Act are entitled to relief for the breach of this contractual obligation and the violation of the New York Wage Parity Act, plus interest.

## ELVENTH CAUSE OF ACTION
### *Unjust Enrichment*
(Defendants' failure to pay all wages due, including,
but not limited to, minimum wages under the
Wage Parity Act and spread of hours)

99.     Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

100.     Under the common law doctrine of "unjust enrichment" insofar as Defendants, by their policies and actions, benefited from, and increased their profits and personal compensation by failing

to pay Ms. Cantave and the Rule 23 Class members: (1) all wages due for work performed; (2) an extra hour at the minimum wage for working a "spread of hours" in excess of 10 hours or a shift longer than 10 hours; and (3) all minimum wages due under N.Y. Pub. Health Law § 3614-c, the New York Wage Parity Act.

101.    Defendants accepted and received the benefits of the work performed by Ms. Cantave and the Rule 23 Class members at the expense of Ms. Cantave and the Rule 23 Class members.  It is inequitable and unjust for Defendants to reap the benefits of Ms. Cantave's and the Rule 23 Class members' labor, without paying all wages due, which includes but is not limited to all minimum wages due under N.Y. Pub. Health Law § 3614-c, the New York Wage Parity Act, regular hours caring for the clients of Defendants, and failing to pay for required trainings, uniform expenses, and the pay due for spread of hours.

102.    Ms. Cantave and the Rule 23 Class members are entitled to relief for this unjust enrichment in an amount equal to the benefits unjustly retained by Defendants, plus interest on these amounts.

### TWELFTH CAUSE OF ACTION
*Violation of Wage Parity Act Minimum Wage Requirement*

103.    Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

104.    Upon information and belief, at all times relevant to this complaint, Defendants were required to certify and did certify that they paid Ms. Cantave and the Rule 23 Class members wages as required by New York Wage Parity Act.

105.    Under the New York Wage Parity Act, Defendants were required to pay Ms. Cantave and the Rule 23 Class members minimum wages under the New York Wage Parity Act.

106.    Defendants breached their obligations to pay minimum wages as required by the New York Wage Parity Act, and as result Ms. Cantave and the Rule 23 Class members were injured.

107.    Ms. Cantave and the Rule 23 Class members are entitled to recover their unpaid minimum wages, plus interest, as relief for the violation of the New York Wage Parity Act.

**THIRTEENTH CAUSE OF ACTION**
*Breach of Contract – Wages*

108.    Ms. Cantave repeats and realleges each and every allegation as if fully set forth herein.

109.    Ms. Cantave and the Rule 23 Class members entered into contracts with the Defendants under which Ms. Cantave and the Rule 23 Class members were to provide home health aide and maid services and Defendants were required to pay wages as required by law.

110.    Ms. Cantave and the Rule 23 Class members fulfilled their obligations under the contracts but Defendants failed to pay wages as required by law.

111.    As a result of Defendants' breach, Ms. Cantave and the Rule 23 Class members are entitled to recover damages, plus interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Micheline Cantave, individually and on behalf of the FLSA Collective and Rule 23 Class, respectfully requests judgment against Defendants as follows:

a.    Authorizing Plaintiff Micheline Cantave at the earliest possible time to give notice of this collective action, or that the court issue such notice, to the FLSA Collective members. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b.    Certification of this case as a collective action pursuant to FLSA;

c.      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff Micheline Cantave and her counsel to represent the FLSA Collective;

d.      Certification of this case as a class action pursuant to Fed. R. Civ. P. Rule 23;

e.      Designation of Plaintiff Micheline Cantave as representative of the Rule 23 Class, and counsel of record as class counsel;

f.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

g.      A declaratory judgment that Defendants' violation of the provisions of the FLSA has been willful as to Plaintiff Micheline Cantave (as well as the prospective collective class members);

h.      A declaratory judgment that the practices complained of herein are unlawful under the NYLL;

i.      A declaratory judgment that Defendants' violation of the provisions of the NYLL has been willful as to Plaintiff Micheline Cantave (as well as the prospective collective class members)

j.      A declaratory judgment that the practices complained of herein are unlawful under the N.Y. Gen. Bus. L.;

k.      An injunction against Defendants; Defendants' officers, agents, successors, employees, representatives; and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

l.      Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid minimum wages, plus liquidated damages;

m.      Pursuant to NYLL §§ 198(1-a), 198(3), & 663(1), damages for the amount of unpaid minimum and spread of hour wages, plus liquidated damages;

n.      Pursuant to 29 U.S.C. § 216(b), damages for the amount of unpaid overtime wages, plus liquidate damages;

o.      Pursuant to NYLL §§ 198(1-a), 198(3), and 663(1), damages for the amount of unpaid overtime wages, plus liquidated damages;

p.      Awarding Plaintiff Micheline Cantave (as well as the prospective collective class members) pre-judgment and post-judgment interest as applicable;

q.      Awarding Plaintiff Micheline Cantave (as well as the prospective collective class members) the expenses incurred in this action, including costs and attorneys' fees;

r.      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

s.      Such other and further relief as the Court deems just and necessary.

Dated: New York, New York
February 20, 2019

/s/
Gregory P. Mouton, Jr., Esq.
Law Office of Gregory P. Mouton, Jr., LLC
*Attorneys for Plaintiff Micheline Cantave*
305 Broadway, 7th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481
gmouton@moutonlawnyc.com

Index No. 19 Civ. 1060

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

MICHELINE CANTAVE,

Plaintiff,

-against-

INCARE HOME HEALTH CARE GROUP LLC, HANNA WOLHENDLER, MARTIN
SCHLOSSER, BARUCH WOLHENDLER, and CHANIE WOLHENDLER,

Defendants.

_____

FRCP RULE 23 CLASS AND FLSA COLLECTIVE ACTION COMPLAINT

_____

LAW OFFICE OF GREGORY P. MOUTON, JR., LLC

305 Broadway, 7th Floor
New York, NY  10007
Phone & Fax: (646) 706-7481